1  PHILIP M. HYMANSON, ESQ.
   Nevada State Bar No. 2253
2  HENRY JOSEPH HYMANSON, ESQ.
   Nevada State Bar No. 14381
3  HYMANSON & HYMANSON
   8816 Spanish Ridge Avenue
4  Las Vegas, NV 89148
   (702) 629-3300 Telephone
5  (702) 629-3332 Facsimile
   Phil@HymansonLawNV.com
6  Hank@HymansonLawNV.com

7

8  *Attorneys for Defendants TVPX Aircraft Solutions, Inc.*
   *and TVPX 2017 MSN 5043 Business Trust*

9              **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF NEVADA**

11

12  CHRISTOPHER G. MEHNE, as Personal          CASE NO.:
    Representative of the Estate of MANUEL
13  ALEJANDRO SEPÚLVEDA-GONZÁLEZ,
    deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as     **NOTICE OF REMOVAL**
14  HEIR to the Decedent, MANUEL ALEJANDRO
    SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL
15  SEPÚLVEDA-CRUZ, as HEIR to the Decedent,
    MANUEL ALEJANDRO SEPÚLVEDA-
16  GONZÁLEZ, deceased; CHRISTOPHER G.
    MEHNE, as Personal Representative of the Estate
17  of MÓNICA LETICIA SALINAS-TREVIÑO,
    deceased; JUAN JOSÉ SALINAS ALMAGUER,
18  as HEIR to the Decedent, MÓNICA LETICIA
    SALINAS-TREVIÑO, deceased; LETICIA
19  GUADALUPE TREVIÑO VILLAREAL, as HEIR
    to the Decedent, MÓNICA LETICIA SALINAS-
20  TREVIÑO, deceased; CHRISTOPHER G.
    MEHNE, as Personal Representative to the Estate
21  of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ,
    deceased; MARÍA FERNANDA INIESTRA-
22  MEJÍA, as HEIR to the Decedent, ADRIANA
    MONSERRAT MEJÍA-SÁNCHEZ, deceased;
23  BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to
    the Decedent, ADRIANA MONSERRAT MEJÍA-
24  SÁNCHEZ, deceased; PEDRO GABRIEL
    INIESTRA-GALLARDO, as HEIR to the
25  Decedent, ADRIANA MONSERRAT MEJÍA-
    SÁNCHEZ, deceased; CHRISTOPHER G.
26  MEHNE, as Personal Representative of the Estate
    of LUIS OCTAVIO REYES-DOMÍNGUEZ,
27  deceased; ALYANNA CAROLINA REYES-
    CISNEROS, as HEIR to the Decedent, LUIS
28  OCTAVIO REYES-DOMÍNGUEZ, deceased;

                            1

SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA;

     Plaintiffs,

v.

TVPX AIRCRAFT SOLUTIONS, INC.; COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V.; TVPX 2017 MSN 5043 BUSINESS TRUST; ATLANTIC AVIATION FBO, INC., and NABOR BONILLA CALDERA,

     Defendants.

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629-3300

1    Defendants TVPX AIRCRAFT SOLUTIONS, INC. ("TVPX"); TVPX 2017 MSN 5043

2  BUSINESS TRUST ("TVPX Trust"); and ATLANTIC AVIATION FBO, INC. ("Atlantic")

3  (collectively "Defendants") hereby notice the removal of this action to the United States District

4  Court, and, in support thereof, state as follows:

5    1.    Defendants are the defendants in the above-entitled action commenced in the

6  Eighth Judicial District Court, in and for Clark County, Nevada, as Case No. A-21-833999-C, and

7  now pending in that court ("State Court Action").

8    2.    Plaintiffs commenced the State Court Action by filing a complaint ("Complaint")

9  on May 4, 2021.

10    3.    Service of the Complaint upon Defendant TVPX AIRCRAFT SOLUTIONS, INC.,

11  occurred on May 17, 2021. Service of the Complaint upon Defendant TVPX 2017 MSN 5043

12  BUSINESS TRUST occurred on May 17, 2021. Service of the Complaint upon Defendant

13  ATLANTIC AVIATION FBO, INC., occurred on May 13, 2021. Defendants COMPANIA DE

14  AVIACION Y LOGISTICA EMPRESARIAL S.A. DE C.V. or NABOR BONILLA CALDERA

15  have not yet been served.

16    4.    All properly joined and served Defendants consent to removal.

17    5.    The Complaint stems from a private jet crash that occurred on a May 5, 2019 flight

18  from Las Vegas, Nevada to Monterrey Mexico. After taking off from Las Vegas, Nevada, the

19  private jet with 13 passengers, including the two pilots, crashed in the State of Coahuila, Mexico,

20  killing all 13 people on board.

21    6.    This Complaint was filed on behalf of eight of the deceased passengers from the

22  May 5, 2019 flight. Plaintiffs' Complaint alleges fifteen total causes of action, comprising of

23  claims for (1) negligence, (2) gross negligence, and (3) wrongful death individually against each

24  of the five separate Defendants. It also requests punitive damages under each claim.

25    7.    Plaintiffs pray for relief for special damages in excess of $15,000; general

26  damages in excess of $15,000; pecuniary damages in excess of $15,000; penalty damages in

27  excess of $15,000; compensatory damages on behalf of Plaintiff Decedents in excess of $15,000;

28

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629-3300

3

damages for pain and suffering in excess of $15,000; damages for wrongful death in excess of $15,000; any other enumerated damages within NRS § 41.085 in excess of $15,000; and attorneys' fees and costs according to proof.

8.     No further proceedings have been had in this matter in the Eighth Judicial District Court.

9.     Thirty days have not elapsed since Defendants were served with the Complaint in this action.

## DIVERSITY OF CITIZENSHIP

10.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) and (b) in that it is a civil action between citizens of different states or countries and the matter in controversy exceeds the sum of $75,000 for each plaintiff, exclusive of interests and costs.

11.     Defendant TVPX AIRCRAFT SOLUTIONS, INC., is incorporated in the State of Utah, with its principal place of business in the State of Utah.

12.     Defendant TVPX 2017 MSN 5043 BUSINESS TRUST is a business trust established and registered in the State of Utah.

13.     Defendant ATLANTIC AVIATION FBO, INC., is incorporated in the State of Delaware with its principal place of business in the State of Texas.

14.     Plaintiffs are listed in the Complaint as residents of the Country of Mexico.

15.     Based on information and belief, there is now and there was at the time of the commencement of this action complete diversity between Plaintiffs and Defendants.

16.     The sum of the damages alleged by Plaintiffs necessarily exceeds $75,000 for each plaintiff, exclusive of interest and costs.[1] Specifically, Plaintiffs are seeking damages from a fatal

---

[1] Defendants note that they are not required to, nor do they, concede that Plaintiffs are entitled to recover more than $75,000. *See Kelderman v. Remington Arms Co.*, 734 F.Supp 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far"). Indeed, Defendants specifically deny that Plaintiffs are entitled to recover *any* damages.

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629-3300

plane crash and are seeking punitive damages. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodman of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

17.     Based on the above, adequate grounds exist to remove the Complaint to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

## FILING OF SERVICE AND REMOVAL OF DOCUMENTS

18.     A copy of the Complaint is attached hereto as Exhibit A.

19.     A copy of the Plaintiffs' Initial Appearance Fee Disclosure is attached hereto as Exhibit B.

20.     A copy of the docket sheet is attached as Exhibit C.

21.     True and correct copies of the service upon Defendants TVPX Aircraft Solutions, Inc., TVPX 2017 MSN 5043 Business Trust, and Atlantic Aviation are attached hereto as Exhibit D.

22.     Other than the documents attached as Exhibits A-D, no pleadings, process, orders, or other documents in the case have been served or otherwise received by Defendants or, to Defendants' knowledge, are presently on file in the State Court. In the event that such filings come to Defendants' attention, true and legible copies will immediately be filed with this Court.

23.     Defendants are serving written notification on Plaintiffs' counsel. Defendants are also filing a Notification of Removal, attaching a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, in and for Clark County, Nevada, as Case No. A-21-833999-C, to this Court. A true and correct copy of this Notification of Removal with the Eighth Judicial District Court of Nevada is attached hereto as Exhibit E.

24.     Based on the foregoing, Defendants remove the above-entitled action now pending in the Eighth Judicial District Court, in and for Clark County, Nevada, as Case No. A-21-833999-C, to this Court.

///

///

**HYMANSON & HYMANSON**
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629-3300

5

DATED this 4th day of June, 2021.

HYMANSON & HYMANSON

BY: _/s/_      _Philip M. Hymanson_
PHILIP M. HYMANSON, ESQ.
Nevada State Bar No. 2253
HENRY JOSEPH HYMANSON, ESQ.
Nevada State Bar No. 14381
HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
(702) 629-3300 Telephone
(702) 629-3332 Facsimile
Phil@HymansonLawNV.com
Hank@HymansonLawNV.com

*Attorneys for Defendants TVPX Aircraft Solutions,*
*Inc. and TVPX 2017 MSN 5043 Business Trust*

**HYMANSON & HYMANSON**
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I HEREBY CERTIFY that I am an employee of HYMANSON & HYMANSON, and I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be served via electronic service, via CM/ECF,on the 4th day of June, 2021, to the following:

WILLIAM H. BROWN
Nevada Bar No. 7623
BROWN MISHLER, PLLC
911 N. Buffalo, Ste. 202
Las Vegas, NV 89128
wbrown@brownmishler.com
T: 702.816.2200

DONALD J. NOLAN
Pro Hac Vice Pending
THOMAS P. ROUTH
Pro Hac Vice Pending
NOLAN LAW GROUP
20 N. Clark St., Ste. 3000
Chicago, IL 60602
djn@nolan-law.com
tpr@nolan-law.com
dan@nolan-law.com
T: 312.630.4000

WINDLE TURLEY
Pro Hac Vice Pending
LACEY TURLEY MOST
Pro Hac Vice Pending
TURLEY LAW FIRM
6440 N. Central Expwy Ste. 1000
Dallas, TX 75206
win@wturley.com
laceym@wturley.com
T: 214.691.4025
*Attorneys for Plaintiffs*

_____
*/s/ Karen Wiehl*
an employee of Hymanson & Hymanson

EXHIBIT "A"

EXHIBIT "A"

Electronically Filed
5/4/2021 12:28 PM
Steven D. Grierson
CLERK OF THE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WILLIAM H. BROWN**
Nevada Bar No. 7623
**BROWN MISHLER, PLLC**
911 N. Buffalo, Ste. 202
Las Vegas, NV 89128
wbrown@brownmishler.com
T: 702.816.2200
F: 702.385.2899

**DONALD J. NOLAN**
*Pro Hac Vice Pending*
**THOMAS P. ROUTH**
*Pro Hac Vice Pending*
**NOLAN LAW GROUP**
20 N. Clark St., Ste. 3000
Chicago, IL 60602
djn@nolan-law.com
tpr@nolan-law.com
dan@nolan-law.com
T: 312.630.4000
F: 312.630. 4011

**WINDLE TURLEY**
*Pro Hac Vice Pending*
**LACEY TURLEY MOST**
*Pro Hac Vice Pending*
**TURLEY LAW FIRM**
6440 N. Central Expwy Ste. 1000
Dallas, TX 75206
win@wturley.com
laceym@wturley.com
T: 214.691.4025
F: 214.361.5802
*Attorneys for Plaintiffs*

CASE NO: A-21-833999-C
Department 29

## DISTRICT COURT
## CLARK COUNTY, NEVADA

CHRISTOPHER G. MEHNE, as Personal
Representative of the Estate of MANUEL
ALEJANDRO SEPÚLVEDA-
GONZÁLEZ. deceased; ANA MARÍA
GONZÁLEZ-GÓMEZ. as HEIR to the
Decedent. MANUEL ALEJANDRO
SEPÚLVEDA-GONZÁLEZ. deceased;
MANUEL SEPÚLVEDA-CRUZ. as HEIR
to the Decedent MANUEL ALEJANDRO
SEPÚLVEDA-GONZÁLEZ, deceased;

CHRISTOPHER G. MEHNE. as Personal
Representative of the Estate of MÓNICA
LETICIA SALINAS-TREVIÑO. deceased;
JUAN JOSÉ SALINAS ALMAGUER, as
HEIR to the Decedent. MÓNICA

CASE NO. _____

DEPT. NO. _____


**COMPLAINT**

**PLAINTIFFS DEMAND TRIAL
BY JURY**

LETICIA SALINAS-TREVIÑO. deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL. as HEIR to the Decedent. MÓNICA LETICIA SALINAS-TREVIÑO, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ. deceased; MARÍA FERNANDA INIESTRA-MEJÍA. as HEIR to the Decedent. ADRIANA MONSERRAT MEJÍA-SÁNCHEZ. deceased; BLANCA JANET MEJÍA-SÁNCHEZ. as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ. deceased; PEDRO GABRIEL INIESTRA-GALLARDO. as HEIR to the Decedent. ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS. as HEIR to the Decedent. LUIS OCTAVIO REYES-DOMÍNGUEZ. deceased; SARA ALEJANDRA REYES-LUNA. as HEIR to the Decedent. LUIS OCTAVIO REYES-DOMÍNGUEZ. deceased; VICTORIA REYES-CISNEROS. as HEIR to the Decedent. LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of LOYDA LILIANA LUNA-LORROSA. deceased; MARÍA DEL PILAR LARROSA-DELGADO. as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of JADE PAOLA REYES-LUNA. deceased; ALYANNA CAROLINA REYES-CISNEROS. as HEIR to the Decedent. JADE PAOLA REYES-LUNA. deceased; SARA ALEJANDRA REYES-LUNA. as HEIR to the Decedent. JADE PAOLA REYES-LUNA. deceased; VICTORIA REYES-CISNEROS. as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS. as HEIR to the Decedent. GUILLERMO OCTAVIO REYES-LUNA. deceased; SARA ALEJANDRA REYES-LUNA. as HEIR to the Decedent. GUILLERMO OCTAVIO REYES-LUNA. deceased; VICTORIA REYES-CISNEROS. as HEIR to the Decedent. GUILLERMO OCTAVIO REYES-LUNA, deceased; and

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA. deceased; ALYANNA CAROLINA REYES-CISNEROS. as HEIR to the Decedent. FRIDA ALEJANDRINA REYES-LUNA. deceased; SARA ALEJANDRA REYES-LUNA. as HEIR to the Decedent. FRIDA ALEJANDRINA REYES-LUNA. deceased; VICTORIA REYES-CISNEROS. as HEIR to the Decedent. FRIDA ALEJANDRINA REYES-LUNA, deceased;

       Plaintiffs,

vs.

TVPX AIRCRAFT SOLUTIONS, INC.; COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V.; TVPX 2017 MSN 5043 BUSINESS TRUST; ATLANTIC AVIATION FBO, INC., and NABOR BONILLA CALDERA

       Defendants.

NOW COME Plaintiffs, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ,

deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent,

JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, by and through their undersigned counsel of record, for their claims of relief against Defendants, TVPX AIRCRAFT SOLUTIONS, INC., COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., TVPX 2017 MSN 5043 BUSINESS TRUST, ATLANTIC AVIATION FBO, INC., and NABOR BONILLA CALDERA, and each of them, hereby allege and complain, on information and belief, as follows:

## GENERAL/JURISDICTIONAL ALLEGATIONS

1.      This is a civil action for damages arising from wrongful death and pre-death injuries suffered by the Plaintiff Decedents, and each of them, arising from a private jet crash that occurred on a flight from Las Vegas, Nevada to Monterrey,

Mexico on May 5, 2019, that killed all thirteen people on board, including the two pilots.

2.      On May 5, 2019, and at all times herein relevant, the Defendant, TVPX AIRCRAFT SOLUTIONS, INC., was and continues to be a corporation organized and existing under the laws of the State of Utah, with its principal place of business at 39 East Eagle Ridge Drive, North Salt Lake, Utah, which conducted substantial business in the State of Nevada, including certain business from which this action arises.

3.      On May 5, 2019, and at all times herein relevant, the Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was and continues to be a legal entity organized and existing under the laws of the Country of Mexico with its principal place of busines in the Country of Mexico, with address at Antonio Dovalí Jaime No. 70, Torre B, Piso 13, Col. Zedec Santa Fe, Álvaro Obregón, C.P. 01210, Ciudad de México, which conducted substantial business in the State of Nevada, including certain business from which this action arises.

4.      On May 5, 2019, and at all times herein relevant, the Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, was a business trust that was first established and registered with the Utah Division of Corporations and Commercial Code on October 5, 2017, and which individually and/or through its agents or employees conducted certain business in the State of Nevada from which this action arises.

5.      On May 5, 2019, and at all times herein relevant, the trustor of the Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, was and continued to be the Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V.

6.     On May 5, 2019, and at all times herein relevant, the Defendant, ATLANTIC AVIATION FBO, INC., was and continues to be a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas, which individually and doing business at Atlantic Aviation LAS, conducted substantial business in the State of Nevada, including certain business from which this action arises.

7.     On May 5, 2019, and at all times herein relevant, the Defendant, NABOR BONILLA CALDERA, was a citizen and resident of Mexico who individually and/or through his agents or employees conducted certain business in the State of Nevada from which this action arises.

8.     On May 5, 2019, and at all times relevant prior to their deaths on May 5, 2019, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, (hereinafter "Plaintiff Decedents") and each of them, were residents and citizens of Mexico.

9.     On May 5, 2019, and at all times relevant, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-

7

DELGADO, (hereinafter "Plaintiff Heirs), and each of them, were residents and citizens of Mexico and bring this action in their representative capacities on behalf of the Plaintiff Decedents, and each of them.

10.     Plaintiff Personal Representative, CHRISTOPHER G. MEHNE, is an attorney licensed to practice law in the Commonwealth of Massachusetts, who was appointed as the Personal Representatives of the Estate of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, MÓNICA LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, and brings this action in his representative capacity on behalf of these Estates, and each of them.

11.     Plaintiff Heirs and Plaintiff Personal Representatives will hereby collectively be referred to as "Plaintiffs," unless specifically referred to otherwise. Plaintiff Decedents will hereby be referred to as such.

12.     Jurisdiction in the State of Nevada is properly conferred by Nev. Rev. Stat. § 14.065.

13.     Venue in Clark County, Nevada is properly conferred by Nev. Rev. Stat. § 13.040.

## FACTUAL ALLEGATIONS

14.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference as though fully set forth herein.

15.   In or about April 1989, Bombardier, Inc. manufactured a certain Model CL-600-2B16 aircraft bearing serial number 5043 (hereinafter "Subject Aircraft") in accordance with the approved type designs under Canadian Type Certificate No. A-131 and FAA Type Certificate A21EA.

16.   Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, was first established and registered with the Utah Division of Corporations and Commercial Code on October 5, 2017. The trustor of Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, was and continues to be Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V.

17.   Within its Certificate of Registration with the Utah Division of Corporations and Commercial Code on October 5, 2017, Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST named the Defendant, TVPX AIRCRAFT SOLUTIONS, INC., as its Trustee.

18.   On or about October 16, 2017, Defendant, TVPX AIRCRAFT SOLUTIONS, INC., as Trustee for Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, purchased and took possession of the Subject Aircraft.

19.   On October 16, 2017 and at the time of the purchase of the Subject Aircraft by Defendant, TVPX AIRCRAFT SOLUTIONS, INC., as Trustee for Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, there was in force and effect a certain *Aircraft Operating Lease Agreement* related to the Subject Aircraft between Defendant, TVPX AIRCRAFT SOLUTIONS, INC., as "Owner" and Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., as "Operator."

20.     From October 16, 2017 through and including May 5, 2019, the aforesaid *Aircraft Operating Lease Agreement* between Defendant, TVPX AIRCRAFT SOLUTIONS, INC., and Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., remained in full force and effect between those parties.

21.     In addition to the aforesaid *Aircraft Operating Lease Agreement*, Defendant, TVPX AIRCRAFT SOLUTIONS, INC., entered into a product and/or services agreement with Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., which agreement allowed Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., to purchase products and/or services necessary or desired for the continued operation, repair, and/or maintenance of the Subject Aircraft through Defendant, TVPX AIRCRAFT SOLUTIONS, INC., including credit cards issues to Defendant, TVPX AIRCRAFT SOLUTIONS, INC. and used by Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., in its operation.

22.     On May 5, 2019, and all times herein relevant, the Defendant, NABOR BONILLA CALDERA, was a director and/or officer of the Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., who each individually and in his capacity of a director and/or officer of the Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., undertook certain duties relating to the aforesaid *Aircraft Operating Lease* Agreement, the operation and maintenance of the Subject Aircraft, and the control, qualification, training, employment and assignment of duties of pilots authorized and permitted to operate

1  the Subject Aircraft.

2  23.   Upon information and belief, Defendant, TVPX AIRCRAFT

3  SOLUTIONS, INC., also procured the policy of liability insurance covering the

4  Subject Aircraft, to wit: QBE Insurance Policy No. 100003193, with a policy period of

5  August 7, 2018 through August 7, 2019 that listed the Defendant, NABOR BONILLA

6  CALDERA, as an insured, and further assisted Defendants, COMPAÑÍA DE

7  AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V. and NABOR BONILLA

8  CALDERA, in payment of flight permit fees and customs and border patrol services

9  related to the operation of the Subject Aircraft into and out of the United States of

10  America.

11  24.   On and about May 5, 2019, Defendant, TVPX AIRCRAFT SOLUTIONS,

12  INC., paid for certain servicing and fueling of the Subject Aircraft in Las Vegas,

13  Nevada from the Defendant, ATLANTIC AVIATION FBO, INC., prior to and for the

14  purpose of conducting the accident flight from Las Vegas, Nevada to Monterrey,

15  Mexico.

16  25.   On May 5, 2019, and all times herein relevant, Defendants, TVPX

17  AIRCRAFT SOLUTIONS, INC., COMPAÑÍA DE AVIACIÓN Y LOGISTICA

18  EMPRESARIAL S.A. DE C.V., TVPX 2017 MSN 5043 BUSINESS TRUST, and/or

19  NABOR BONILLA CALDERA, had operational control of the Subject Aircraft when

20  the injuries and deaths were sustained by the Plaintiff Decedents during the accident

21  flight as described herein.

22  26.   Prior to May 5, 2019, Plaintiff Decedents MANUEL ALEJANDRO

23  SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, LUIS OCTAVIO REYES-

DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, had a planned roundtrip flight itinerary originating on May 3, 2019 from Monterrey, Mexico to Las Vegas, Nevada, and returning from Las Vegas, Nevada to Monterrey, Mexico on May 5, 2019. One of the purposes of the trip was to attend a professional boxing title match between Canelo Álvarez and Daniel Jacobs at the T-Mobile Arena in Las Vegas, Nevada on May 4, 2019.

27. On May 5, 2019, Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, as passengers and Plaintiff Decedent, ADRIANA MONSERRAT MEJIA-SANCHEZ, who was providing in-flight services for the airplane passengers, and each of them, each boarded the Subject Aircraft, Canadair Model CL-600-2B16, serial number 5043, bearing U.S. Registration N601VH at McCarran International Airport in Las Vegas, Nevada for purposes of the return trip to Monterrey, Mexico.

28. On May 5, 2019, the Subject Aircraft was being piloted by Juan Jose Aguilar Talavera as the captain and pilot-in-command and Luis Ovidio Gonzalez Flores as the first officer.

29. On May 5, 2019, and all times herein relevant, the pilots, Juan Jose Aguilar Talavera and Luis Ovidio Gonzalez Flores, were the agents of the Defendants, TVPX AIRCRAFT SOLUTIONS, INC., COMPAÑÍA DE AVIACIÓN Y

LOGISTICA EMPRESARIAL S.A. DE C.V., TVPX 2017 MSN 5043 BUSINESS TRUST, and/or NABOR BONILLA CALDERA, and each of them, and were acting within the scope of their aforesaid agency.

30. On May 5, 2019 and during the flight from Las Vegas Nevada to Monterrey, Mexico, the Subject Aircraft climbed to approximately 41,000 feet when it experienced a sudden loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the Subject Aircraft's engines.

31. On May 5, 2019, and as a result of the foregoing events, the Subject Aircraft violently crashed into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

### FIRST CAUSE OF ACTION
### (Negligence)
### Plaintiffs v. TVPX Aircraft Solutions, Inc.

32. Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

33. On May 5, 2019, and at all times relevant, Defendant, TVPX AIRCRAFT SOLUTIONS, INC., owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA

LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the ownership, entrustment, operation, and control of the Subject Aircraft, so as not cause injury to their persons.

34.   On May 5, 2019, Defendant, TVPX AIRCRAFT SOLUTIONS, INC., individually and/or through its agents, servants, employees, and/or licensees, including, but not limited to the pilots of the Subject Aircraft, Juan Jose Aguilar Talavera and Luis Ovidio Gonzalez Flores, and each of them, breached their duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

    a)    Negligently and carelessly entrusted the Subject Aircraft, which was a dangerous instrumentality, to Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., when it knew, or should have known, that Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was likely to operate it in an unsafe and dangerous manner;

    b)    Negligently and carelessly permitted Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., to continue to operate the Subject Aircraft when it had actual or constructive notice that Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was operating the Subject Aircraft in an unsafe and dangerous manner;

    c)    Negligently and carelessly failed to provide or ensure the provision of updates and supplements to flight manuals, maintenance manuals, airworthiness directives, service bulletins, and other publications and information necessary for the

airworthiness and safe operation of the Subject Aircraft;

d)   Negligently and carelessly operated the Subject Aircraft with pilots who lacked proper and adequate education, training, experience, and/or skills to pilot the Subject Aircraft in a safe manner;

e)   Negligently and carelessly failed to provide and ensure proper and adequate training and certification of pilots permitted to operate the Subject Aircraft;

f)   Negligently and carelessly maintained the Subject Aircraft;

g)   Negligently and carelessly failed to provide and ensure proper and adequate training and certification of mechanics permitted to perform maintenance, repair and overhaul work on the Subject Aircraft, the subject engines, and other component parts of the Subject Aircraft; and/or

h)   It otherwise negligently and carelessly owned, entrusted, operated and/or controlled the Subject Aircraft in an unsafe and dangerous manner in particulars to be determined through discovery herein.

35.   On May 5, 2019, as a direct and proximate result of the foregoing breach of duty by Defendant, TVPX AIRCRAFT SOLUTIONS, INC., the Subject Aircraft was caused to and did experience an inflight loss of airspeed and, shortly thereafter, entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

36.   Prior to their deaths, Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

37.   That, as a direct and proximate result of the negligent acts/omissions of

16

Defendant, TVPX AIRCRAFT SOLUTIONS, INC., Plaintiffs and Plaintiff Decedents incurred general and special damages in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, pre-death great pain of body and mind, pre-death disfigurement, pre-death mental anguish, pre-death shock and agony, pre-death terror, and loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

38.     That as a direct and proximate result of the aforementioned negligence of Defendant, TVPX AIRCRAFT SOLUTIONS, INC., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

39.     WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-

SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased;

VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, TVPX AIRCRAFT SOLUTIONS, INC., together with interest, costs, and fees.

## SECOND CAUSE OF ACTION
### (Gross Negligence)
### Plaintiffs v. TVPX Aircraft Solutions, Inc.

40.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

41.     On May 5, 2019, and at all times relevant, Defendant, TVPX AIRCRAFT SOLUTIONS, INC., owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the ownership, entrustment, operation, and control of the Subject Aircraft so as not cause injury to their persons.

42.     On May 5, 2019, Defendant, TVPX AIRCRAFT SOLUTIONS, INC.,

individually and/or through its agents, servants, employees, and/or licensees, including, but not limited to the pilots of the Subject Aircraft, Juan Jose Aguilar Talavera and Luis Ovidio Gonzalez Flores, and each of them, acted recklessly, maliciously, and willfully, whereupon Defendant, TVPX AIRCRAFT SOLUTIONS, INC., breached its duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

a) Recklessly, maliciously, and willfully entrusted the Subject Aircraft, which was a dangerous instrumentality, to Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., when it knew, or should have known, that Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was likely to operate it in an unsafe and dangerous manner;

b) Recklessly, maliciously, and willfully permitted Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., to continue to operate the Subject Aircraft when it had actual or constructive notice that Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was operating the Subject Aircraft in an unsafe and dangerous manner;

c) Recklessly, maliciously, and willfully failed to provide or ensure the provision of updates and supplements to flight manuals, maintenance manuals, airworthiness directives, service bulletins, and other publications and information necessary for the airworthiness and safe operation of the Subject Aircraft;

d) Recklessly, maliciously, and willfully operated the Subject Aircraft with pilots who lacked proper and adequate education, training, experience, and/or skills to pilot the Subject Aircraft in a safe manner;

e)    Recklessly, maliciously, and willfully failed to provide and ensure proper and adequate training and certification of pilots permitted to operate the Subject Aircraft;

f)    Recklessly, maliciously, and willfully maintained the Subject Aircraft;

g)    Recklessly, maliciously, and willfully failed to provide and ensure proper and adequate training and certification of mechanics permitted to perform maintenance, repair and overhaul work on the Subject Aircraft, the subject engines, and other component parts of the Subject Aircraft; and/or

h)    It otherwise recklessly, maliciously, and willfully owned, entrusted, operated and/or controlled the Subject Aircraft in an unsafe and dangerous manner in particulars to be determined through discovery herein.

43.    On May 5, 2019, as a direct and proximate result of the foregoing reckless, malicious, and/or willful acts/omissions by Defendant, TVPX AIRCRAFT SOLUTIONS, INC., the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

44.    Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA

21

MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

45.     That, as a direct and proximate result of the reckless, malicious, and/or willful acts/omissions of Defendant, TVPX AIRCRAFT SOLUTIONS, INC., Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not

limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

46.  That as a direct and proximate result of the aforementioned reckless, malicious, and/or willful acts/omissions of Defendant, TVPX AIRCRAFT SOLUTIONS, INC., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

47.  WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the

Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO

REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, TVPX AIRCRAFT SOLUTIONS, INC., together with interest, costs, and fees.

### THIRD CAUSE OF ACTION
### (Wrongful Death)
### Plaintiffs v. TVPX Aircraft Solutions, Inc.

48.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

49.     That the death of Plaintiff Decedents was caused or contributed by the wrongful acts and/or negligence/gross negligence of Defendant, TVPX AIRCRAFT SOLUTIONS, INC.

50.     That, pursuant to NRS 41.085(2), "[w]hen the death of any person . . . is caused by the wrongful act or neglect of another, the heirs of the decedent and personal representatives of the decedent may each maintain an action for damages against the person(s) who caused the death."

51.     That Plaintiff Personal Representative CHRISTOPHER G. MEHNE, as Personal Representative of the Estates of Plaintiff Decedents, and each of them, is entitled to maintain an action for damages against Defendant, TVPX AIRCRAFT

SOLUTIONS, INC., for wrongful death, including, but not limited to, damages set forth in NRS 41.085.

52. That Plaintiff Heirs are the natural heirs of Plaintiff Decedents and are entitled to maintain an action for damages against Defendant, TVPX AIRCRAFT SOLUTIONS, INC., for wrongful death, including, but not limited to, damages set forth in NRS 41.85.

53. On May 5, 2019, as a direct and proximate result of the foregoing acts/omissions by Defendant, TVPX AIRCRAFT SOLUTIONS, INC., the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

54. Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were

in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

55.    That, as a direct and proximate result of the foregoing acts/omissions of Defendant, TVPX AIRCRAFT SOLUTIONS, INC., Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment

of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

56.     That as a direct and proximate result of the foregoing acts/omissions of Defendant, TVPX AIRCRAFT SOLUTIONS, INC., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

57.     WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER

G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as

HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, TVPX AIRCRAFT SOLUTIONS, INC., together with interest, costs, and fees.

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**Plaintiffs v. Compañía de Aviación y Logistica Empresarial S.A. de C.V.**

58.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

59.     On May 5, 2019, and at all times relevant, Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the ownership, entrustment, operation, and control of the Subject Aircraft, so as not cause injury to their persons.

60.     On May 5, 2019, Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., individually and/or through its agents, servants, employees, and/or licensees, including, but not limited to the pilots of the Subject Aircraft, Juan Jose Aguilar Talavera and Luis Ovidio Gonzalez Flores, and each of them, breached their duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ,         LETICIA         SALINAS-TREVIÑO,         ADRIANA

MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

a)   Negligently and carelessly failed to conduct proper and adequate pre-flight planning in Las Vegas prior to initiating the accident flight;

b)   Negligently and carelessly failed to conduct proper and adequate pre-flight inspection and checks of the Subject Aircraft in Las Vegas prior to initiating the accident flight;

c)   Negligently and carelessly operated the Subject Aircraft during the accident flight;

d)   Negligently and carelessly failed to provide or ensure the provision of updates and supplements to flight manuals, maintenance manuals, airworthiness directives, service bulletins, and other publications and information necessary for the airworthiness and safe operation of the Subject Aircraft;

e)   Negligently and carelessly operated the Subject Aircraft with pilots who lacked proper and adequate education, training, experience, and/or skills to pilot the Subject Aircraft in a safe manner;

f)   Negligently and carelessly failed to provide and ensure proper and adequate training and certification of pilots permitted to operate the Subject Aircraft;

g)   Negligently and carelessly maintained the Subject Aircraft;

h)   Negligently and carelessly failed to provide and ensure proper and adequate training and certification of mechanics permitted to perform maintenance, repair and overhaul work on the Subject Aircraft, the subject engines, and other component parts of the Subject Aircraft; and/or

i)   It otherwise negligently and carelessly owned, entrusted, operated and/or controlled the Subject Aircraft in an unsafe and dangerous manner in particulars to be determined through discovery herein.

61.    On May 5, 2019, as a direct and proximate result of the foregoing breach of duty by Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., the Subject Aircraft was caused to and did experience an inflight loss of airspeed and, shortly thereafter, entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

62.    Prior to their deaths, Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL

32

PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

63.     That, as a direct and proximate result of the negligent acts/omissions of Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., Plaintiffs and Plaintiff Decedents incurred general and special damages in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, pre-death great pain of body and mind, pre-death disfigurement, pre-death mental anguish, pre-death shock and agony, pre-death terror, and loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

64.     That as a direct and proximate result of the aforementioned negligence of Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage

in the services of an attorney, incurring attorneys' fees and costs to bring this action.

65. WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal

Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., together with interest, costs, and fees.

**FIFTH CAUSE OF ACTION**
(Gross Negligence)
Plaintiffs v. Compañía de Aviación y Logistica Empresarial S.A. de C.V.

66.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

67.     On May 5, 2019, and at all times relevant, Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the ownership, entrustment, operation, and control of the Subject Aircraft so as not cause injury to their persons.

68.     On May 5, 2019, Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., individually and/or through its agents, servants, employees, and/or licensees, including, but not limited to the pilots of the Subject Aircraft, Juan Jose Aguilar Talavera and Luis Ovidio Gonzalez Flores, and each of them, acted recklessly, maliciously, and willfully, whereupon Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., breached its duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following

particulars:

a)  Recklessly, maliciously, and willfully failed to conduct proper and adequate pre-flight planning in Las Vegas prior to initiating the accident flight;

b)  Recklessly, maliciously, and willfully failed to conduct proper and adequate pre-flight inspection and checks of the Subject Aircraft in Las Vegas prior to initiating the accident flight;

c)  Recklessly, maliciously, and willfully operated the Subject Aircraft during the accident flight;

d)  Recklessly, maliciously, and willfully failed to provide or ensure the provision of updates and supplements to flight manuals, maintenance manuals, airworthiness directives, service bulletins, and other publications and information necessary for the airworthiness and safe operation of the Subject Aircraft;

e)  Recklessly, maliciously, and willfully operated the Subject Aircraft with pilots who lacked proper and adequate education, training, experience, and/or skills to pilot the Subject Aircraft in a safe manner;

f)  Recklessly, maliciously, and willfully failed to provide and ensure proper and adequate training and certification of pilots permitted to operate the Subject Aircraft;

g)  Recklessly, maliciously, and willfully maintained the Subject Aircraft;

h)  Recklessly, maliciously, and willfully failed to provide and ensure proper and adequate training and certification of mechanics permitted to perform maintenance, repair and overhaul work on the Subject Aircraft, the subject engines, and other component parts of the Subject Aircraft; and/or

i)  It otherwise Recklessly, maliciously, and willfully owned, entrusted, operated and/or controlled the Subject Aircraft in an unsafe and dangerous manner in particulars to be determined through discovery herein.

69.  On May 5, 2019, as a direct and proximate result of the foregoing reckless, malicious, and/or willful acts/omissions by Defendant, COMPAÑÍA DE

37

AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

70. Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff

Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

71.     That, as a direct and proximate result of the reckless, malicious, and/or willful acts/omissions of Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

72.     That as a direct and proximate result of the aforementioned reckless, malicious, and/or willful acts/omissions of Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and

that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

73.     WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO

REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., together with interest, costs, and fees.

**SIXTH CAUSE OF ACTION**
**(Wrongful Death)**
**Plaintiffs v. Compañía de Aviación y Logistica Empresarial S.A. de C.V.**

74.     Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

75.     That the death of Plaintiff Decedents was caused or contributed by the wrongful acts and/or negligence/gross negligence of Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V.

76.     That, pursuant to NRS 41.085(2), "[w]hen the death of any person . . . is caused by the wrongful act or neglect of another, the heirs of the decedent and personal representatives of the decedent may each maintain an action for damages against the person(s) who caused the death."

77.     That Plaintiff Personal Representative CHRISTOPHER G. MEHNE, as Personal Representative of the Estates of Plaintiff Decedents, and each of them, is entitled to maintain an action for damages against Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., for wrongful death, including, but not limited to, damages set forth in NRS 41.085.

78.     That Plaintiff Heirs are the natural heirs of Plaintiff Decedents and are entitled to maintain an action for damages against Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., for wrongful death, including, but not limited to, damages set forth in NRS 41.85.

79.     On May 5, 2019, as a direct and proximate result of the foregoing acts/omissions by Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., the Subject Aircraft was caused to and did experience

42

an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

80.    Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-

TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

81.     That, as a direct and proximate result of the foregoing acts/omissions of Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

82.     That as a direct and proximate result of the foregoing acts/omissions of Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

83.     WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal

Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA

LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., together with interest, costs, and fees.

**SEVENTH CAUSE OF ACTION**
**(Negligence)**
**Plaintiffs v. TVPX 2017 MSN 5043 Business Trust**

84.    Plaintiffs repeat and reallege each and every allegation and fact

46

contained in this Complaint and incorporate the same herein by reference.

85.     On May 5, 2019, and at all times relevant, Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the ownership, entrustment, operation, and control of the Subject Aircraft, so as not cause injury to their persons.

86.     On May 5, 2019, Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, individually and/or through its agents, servants, employees, and/or licensees, including, but not limited to the pilots of the Subject Aircraft, Juan Jose Aguilar Talavera and Luis Ovidio Gonzalez Flores, and each of them, breached their duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

a)     Negligently and carelessly entrusted the Subject Aircraft, which was a dangerous instrumentality, to Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., when it knew, or should have known, that Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was likely to operate it in an unsafe and dangerous manner;

b)     Negligently and carelessly permitted Defendant, COMPAÑÍA DE

47

AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., to continue to operate the Subject Aircraft when it had actual or constructive notice that Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was operating the Subject Aircraft in an unsafe and dangerous manner;

c)      Negligently and carelessly failed to provide or ensure the provision of updates and supplements to flight manuals, maintenance manuals, airworthiness directives, service bulletins, and other publications and information necessary for the airworthiness and safe operation of the Subject Aircraft;

d)      Negligently and carelessly operated the Subject Aircraft with pilots who lacked proper and adequate education, training, experience, and/or skills to pilot the Subject Aircraft in a safe manner;

e)      Negligently and carelessly failed to provide and ensure proper and adequate training and certification of pilots permitted to operate the Subject Aircraft;

f)      Negligently and carelessly maintained the Subject Aircraft;

g)      Negligently and carelessly failed to provide and ensure proper and adequate training and certification of mechanics permitted to perform maintenance, repair and overhaul work on the Subject Aircraft, the subject engines, and other component parts of the Subject Aircraft; and/or

h)      It otherwise negligently and carelessly owned, entrusted, operated and/or controlled the Subject Aircraft in an unsafe and dangerous manner in particulars to be determined through discovery herein.

87.    On May 5, 2019, as a direct and proximate result of the foregoing breach of duty by Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, the Subject Aircraft was caused to and did experience an inflight loss of airspeed and, shortly thereafter, entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal

injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

88.    Prior to their deaths, Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably

expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

89.    That, as a direct and proximate result of the negligent acts/omissions of Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, Plaintiffs and Plaintiff Decedents incurred general and special damages in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, pre-death great pain of body and mind, pre-death disfigurement, pre-death mental anguish, pre-death shock and agony, pre-death terror, and loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

90.    That as a direct and proximate result of the aforementioned negligence of Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

91.    WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of

MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to

the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, together with interest, costs, and fees.

### EIGHTH CAUSE OF ACTION
#### (Gross Negligence)
#### Plaintiffs v. TVPX 2017 MSN 5043 Business Trust

92.    Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

93.    On May 5, 2019, and at all times relevant, Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA

LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the ownership, entrustment, operation, and control of the Subject Aircraft so as not cause injury to their persons.

94. On May 5, 2019, Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, individually and/or through its agents, servants, employees, and/or licensees, including, but not limited to the pilots of the Subject Aircraft, Juan Jose Aguilar Talavera and Luis Ovidio Gonzalez Flores, and each of them, acted recklessly, maliciously, and willfully, whereupon Defendant, TVPX AIRCRAFT SOLUTIONS, INC., breached its duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

a) Recklessly, maliciously, and willfully entrusted the Subject Aircraft, which was a dangerous instrumentality, to Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., when it knew, or should have known, that Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was likely to operate it in an unsafe and dangerous manner;

b) Recklessly, maliciously, and willfully permitted Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., to continue to operate the Subject Aircraft when it had actual or constructive notice that Defendant, COMPAÑÍA DE AVIACIÓN Y LOGISTICA EMPRESARIAL S.A. DE C.V., was operating the Subject Aircraft in an unsafe and dangerous manner;

c) Recklessly, maliciously, and willfully failed to provide or ensure the provision of updates and supplements to flight manuals, maintenance manuals, airworthiness directives, service bulletins, and other publications and information necessary for the airworthiness and safe operation of the Subject Aircraft;

d) Recklessly, maliciously, and willfully operated the Subject Aircraft with pilots who lacked proper and adequate education, training, experience, and/or skills to pilot the Subject Aircraft in a safe manner;

e) Recklessly, maliciously, and willfully failed to provide and ensure proper and adequate training and certification of pilots permitted to operate the Subject Aircraft;

f) Recklessly, maliciously, and willfully maintained the Subject Aircraft;

g) Recklessly, maliciously, and willfully failed to provide and ensure proper and adequate training and certification of mechanics permitted to perform maintenance, repair and overhaul work on the Subject Aircraft, the subject engines, and other component parts of the Subject Aircraft; and/or

h) It otherwise recklessly, maliciously, and willfully owned, entrusted, operated and/or controlled the Subject Aircraft in an unsafe and dangerous manner in particulars to be determined through discovery herein.

95. On May 5, 2019, as a direct and proximate result of the foregoing reckless, malicious, and/or willful acts/omissions by Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA

MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

96.    Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and

advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

97.     That, as a direct and proximate result of the reckless, malicious, and/or willful acts/omissions of Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

98.     That as a direct and proximate result of the aforementioned reckless, malicious, and/or willful acts/omissions of Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

99.     WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS

ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE,

as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, TVPX AIRCRAFT SOLUTIONS, INC., together with interest, costs, and fees.

## NINTH CAUSE OF ACTION
### (Wrongful Death)
### Plaintiffs v. TVPX 2017 MSN 5043 Business Trust

100.    Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

101.    That the death of Plaintiff Decedents was caused or contributed by the wrongful acts and/or negligence/gross negligence of Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST

102.    That, pursuant to NRS 41.085(2), "[w]hen the death of any person . . . is caused by the wrongful act or neglect of another, the heirs of the decedent and

personal representatives of the decedent may each maintain an action for damages against the person(s) who caused the death."

103.   That Plaintiff Personal Representative CHRISTOPHER G. MEHNE, as Personal Representative of the Estates of Plaintiff Decedents, and each of them, is entitled to maintain an action for damages against Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, for wrongful death, including, but not limited to, damages set forth in NRS 41.085.

104.   That Plaintiff Heirs are the natural heirs of Plaintiff Decedents and are entitled to maintain an action for damages against Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, for wrongful death, including, but not limited to, damages set forth in NRS 41.85.

105.   On May 5, 2019, as a direct and proximate result of the foregoing acts/omissions by Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

106.   Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

107.   That, as a direct and proximate result of the foregoing acts/omissions of

Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

108.    That as a direct and proximate result of the foregoing acts/omissions of Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

109.    WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-

SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased;

62

VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, TVPX 2017 MSN 5043 BUSINESS TRUST, together with interest, costs, and fees.

## TENTH CAUSE OF ACTION
### (Negligence)
### Plaintiffs v. Atlantic Aviation FBO, Inc.

110.   Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

111.   On May 5, 2019, and at all times relevant, Defendant, ATLANTIC AVIATION FBO, INC., owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the servicing and fueling of the Subject Aircraft, so as not cause injury to their persons.

112.   On May 5, 2019, Defendant, ATLANTIC AVIATION FBO, INC.,

individually and/or through its agents, breached its duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

a) Negligently and carelessly failed to provide fuel of a proper and adequate quality for the Subject Aircraft to safely conduct high altitude operations within its certified maximum operating altitude;

b) Negligently and carelessly failed to provide proper and adequate servicing of the Subject Aircraft and its components while the Subject Aircraft was in Las Vegas from May 3, 2019 through May 5, 2019;

c) It otherwise negligently and carelessly provided products and services relating to the Subject Aircraft in particulars to be determined through discovery herein.

113. On May 5, 2019, as a direct and proximate result of the foregoing breach of duty by Defendant, ATLANTIC AVIATION FBO, INC., the Subject Aircraft was caused to and did experience an inflight loss of airspeed and, shortly thereafter, entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE

PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

114. Prior to their deaths, Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial

expenses incurred.

115.   That, as a direct and proximate result of the negligent acts/omissions of Defendant, ATLANTIC AVIATION FBO, INC., Plaintiffs and Plaintiff Decedents incurred general and special damages in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, pre-death great pain of body and mind, pre-death disfigurement, pre-death mental anguish, pre-death shock and agony, pre-death terror, and loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

116.   That as a direct and proximate result of the aforementioned negligence of Defendant, ATLANTIC AVIATION FBO, INC., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

117.   WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent,

MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent

GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, ATLANTIC AVIATION FBO, INC., together with interest, costs, and fees.

## ELEVENTH CAUSE OF ACTION
### (Gross Negligence)
### Plaintiffs v. Atlantic Aviation FBO, Inc.

118. Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

119. On May 5, 2019, and at all times relevant, Defendant, ATLANTIC AVIATION FBO, INC., owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the servicing and fueling of the Subject Aircraft so as not cause injury to their persons.

120. On May 5, 2019, Defendant, ATLANTIC AVIATION FBO, INC., individually and/or through its agents acted recklessly, maliciously, and willfully, whereupon Defendant, ATLANTIC AVIATION FBO, INC., breached its duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

    a)    Recklessly, maliciously, and willfully failed to provide fuel of a proper and adequate quality for the Subject Aircraft to safely conduct high altitude operations within its certified maximum operating altitude;

    b)    Recklessly, maliciously, and willfully failed to provide proper and adequate servicing of the Subject Aircraft and its components while the Subject Aircraft was in Las Vegas from May 3, 2019 through May 5, 2019;

    c)    It otherwise recklessly, maliciously, and willfully provided products and services relating to the Subject Aircraft in particulars to be determined through discovery herein.

121. On May 5, 2019, as a direct and proximate result of the foregoing reckless, malicious, and/or willful acts/omissions by Defendant, ATLANTIC AVIATION FBO, INC., the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL

ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

122.   Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services,

protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

123. That, as a direct and proximate result of the reckless, malicious, and/or willful acts/omissions of Defendant, ATLANTIC AVIATION FBO, INC., Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

124. That as a direct and proximate result of the aforementioned reckless, malicious, and/or willful acts/omissions of Defendant, ATLANTIC AVIATION FBO, INC., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

125. WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS

ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE,

72

as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, ATLANTIC AVIATION FBO, INC., together with interest, costs, and fees.

### TWELFTH CAUSE OF ACTION
#### (Wrongful Death)
#### Plaintiffs v. Atlantic Aviation FBO, Inc.

126.    Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

127.    That the death of Plaintiff Decedents was caused or contributed by the wrongful acts and/or negligence/gross negligence of Defendant, ATLANTIC AVIATION FBO, INC.

128.    That, pursuant to NRS 41.085(2), "[w]hen the death of any person . . . is caused by the wrongful act or neglect of another, the heirs of the decedent and personal representatives of the decedent may each maintain an action for damages

73

against the person(s) who caused the death."

129.   That Plaintiff Personal Representative CHRISTOPHER G. MEHNE, as Personal Representative of the Estates of Plaintiff Decedents, and each of them, is entitled to maintain an action for damages against Defendant, ATLANTIC AVIATION FBO, INC., for wrongful death, including, but not limited to, damages set forth in NRS 41.085.

130.   That Plaintiff Heirs are the natural heirs of Plaintiff Decedents and are entitled to maintain an action for damages against Defendant, ATLANTIC AVIATION FBO, INC., for wrongful death, including, but not limited to, damages set forth in NRS 41.85.

131.   On May 5, 2019, as a direct and proximate result of the foregoing acts/omissions by Defendant, ATLANTIC AVIATION FBO, INC., the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

132.   Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO

SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

133.   That, as a direct and proximate result of the foregoing acts/omissions of Defendant, ATLANTIC AVIATION FBO, INC., Plaintiffs and Plaintiff Decedents

incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

134. That as a direct and proximate result of the foregoing acts/omissions of Defendant, ATLANTIC AVIATION FBO, INC., Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

135. WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the

Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO

REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, ATLANTIC AVIATION FBO, INC., together with interest, costs, and fees.

### THIRTEENTH CAUSE OF ACTION
#### (Negligence)
#### Plaintiffs v. Nabor Bonilla Caldera

136.    Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

137.    On May 5, 2019, and at all times relevant, Defendant, NABOR BONILLA CALDERA, owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the ownership, entrustment, operation, and control of the Subject Aircraft, so as not cause injury to their persons.

138.    On May 5, 2019, Defendant, NABOR BONILLA CALDERA, individually and/or through his agents, servants, employees, and/or licensees, including, but not limited to the pilots of the Subject Aircraft, Juan Jose Aguilar Talavera and Luis

Ovidio Gonzalez Flores, and each of them, breached their duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

a)   Negligently and carelessly failed to conduct proper and adequate pre-flight planning in Las Vegas prior to initiating the accident flight;

b)   Negligently and carelessly failed to conduct proper and adequate pre-flight inspection and checks of the Subject Aircraft in Las Vegas prior to initiating the accident flight;

c)   Negligently and carelessly operated the Subject Aircraft during the accident flight;

d)   Negligently and carelessly failed to provide or ensure the provision of updates and supplements to flight manuals, maintenance manuals, airworthiness directives, service bulletins, and other publications and information necessary for the airworthiness and safe operation of the Subject Aircraft;

e)   Negligently and carelessly operated the Subject Aircraft with pilots who lacked proper and adequate education, training, experience, and/or skills to pilot the Subject Aircraft in a safe manner;

f)   Negligently and carelessly failed to provide and ensure proper and adequate training and certification of pilots permitted to operate the Subject Aircraft;

g)   Negligently and carelessly maintained the Subject Aircraft;

h)   Negligently and carelessly failed to provide and ensure proper and adequate training and certification of mechanics permitted to perform maintenance, repair and overhaul work on the Subject Aircraft, the subject engines, and other component parts of the Subject Aircraft; and/or

i)    He otherwise negligently and carelessly owned, entrusted, operated and/or controlled the Subject Aircraft in an unsafe and dangerous manner in particulars to be determined through discovery herein.

139.    On May 5, 2019, as a direct and proximate result of the foregoing breach of duty by Defendant, NABOR BONILLA CALDERA, the Subject Aircraft was caused to and did experience an inflight loss of airspeed and, shortly thereafter, entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

140.    Prior to their deaths, Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO,

GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

141.  That, as a direct and proximate result of the negligent acts/omissions of Defendant, NABOR BONILLA CALDERA, Plaintiffs and Plaintiff Decedents incurred general and special damages in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, pre-death great pain of body and mind, pre-death disfigurement, pre-death mental anguish, pre-death shock and agony, pre-death terror, and loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

142.  That as a direct and proximate result of the aforementioned negligence of Defendant, NABOR BONILLA CALDERA, Plaintiffs may recover penalty and

punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

143.   WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ,

deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, NABOR BONILLA CALDERA, together with interest, costs, and fees.

**FOURTEENTH CAUSE OF ACTION**
(Gross Negligence)
Plaintiffs v. Nabor Bonilla Caldera

144.    Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

145.    On May, 2019, and at all times relevant, Defendant, NABOR BONILLA CALDERA, owed a duty to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, to exercise ordinary care in the ownership, entrustment, operation, and control of the Subject Aircraft so as not cause injury to their persons.

146.    On May 5, 2019, Defendant, NABOR BONILLA CALDERA, individually and/or through his agents, servants, employees, and/or licensees, including, but not limited to the pilots of the Subject Aircraft, Juan Jose Aguilar Talavera and Luis Ovidio Gonzalez Flores, and each of them, acted recklessly, maliciously, and willfully, whereupon Defendant, NABOR BONILLA CALDERA, breached its duty of care to Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, in one or more of the following particulars:

a)    Recklessly, maliciously, and willfully failed to conduct proper and adequate pre-flight planning in Las Vegas prior to initiating the

84

accident flight;

b) Recklessly, maliciously, and willfully failed to conduct proper and adequate pre-flight inspection and checks of the Subject Aircraft in Las Vegas prior to initiating the accident flight;

c) Recklessly, maliciously, and willfully operated the Subject Aircraft during the accident flight;

d) Recklessly, maliciously, and willfully failed to provide or ensure the provision of updates and supplements to flight manuals, maintenance manuals, airworthiness directives, service bulletins, and other publications and information necessary for the airworthiness and safe operation of the Subject Aircraft;

e) Recklessly, maliciously, and willfully operated the Subject Aircraft with pilots who lacked proper and adequate education, training, experience, and/or skills to pilot the Subject Aircraft in a safe manner;

f) Recklessly, maliciously, and willfully failed to provide and ensure proper and adequate training and certification of pilots permitted to operate the Subject Aircraft;

g) Recklessly, maliciously, and willfully maintained the Subject Aircraft;

h) Recklessly, maliciously, and willfully failed to provide and ensure proper and adequate training and certification of mechanics permitted to perform maintenance, repair and overhaul work on the Subject Aircraft, the subject engines, and other component parts of the Subject Aircraft; and/or

i) He otherwise recklessly, maliciously, and willfully owned, entrusted, operated and/or controlled the Subject Aircraft in an unsafe and dangerous manner in particulars to be determined through discovery herein.

147. On May 5, 2019, as a direct and proximate result of the foregoing reckless, malicious, and/or willful acts/omissions by Defendant, NABOR BONILLA CALDERA, the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double

engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

148. Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA,

GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

149.   That, as a direct and proximate result of the reckless, malicious, and/or willful acts/omissions of Defendant, NABOR BONILLA CALDERA, Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

150.   That as a direct and proximate result of the aforementioned reckless, malicious, and/or willful acts/omissions of Defendant, NABOR BONILLA CALDERA, Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

151.   WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL

ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA

CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, NABOR BONILLA CALDERA, together with interest, costs, and fees.

### FIFTEENTH CAUSE OF ACTION
#### (Wrongful Death)
#### Plaintiffs v. Nabor Bonilla Caldera

152.   Plaintiffs repeat and reallege each and every allegation and fact contained in this Complaint and incorporate the same herein by reference.

153.   That the death of Plaintiff Decedents was caused or contributed by the wrongful acts and/or negligence/gross negligence of Defendant, NABOR BONILLA

CALDERA

154.   That, pursuant to NRS 41.085(2), "[w]hen the death of any person . . . is caused by the wrongful act or neglect of another, the heirs of the decedent and personal representatives of the decedent may each maintain an action for damages against the person(s) who caused the death."

155.   That Plaintiff Personal Representative CHRISTOPHER G. MEHNE, as Personal Representative of the Estates of Plaintiff Decedents, and each of them, is entitled to maintain an action for damages against Defendant, NABOR BONILLA CALDERA, for wrongful death, including, but not limited to, damages set forth in NRS 41.085.

156.   That Plaintiff Heirs are the natural heirs of Plaintiff Decedents and are entitled to maintain an action for damages against Defendant, NABOR BONILLA CALDERA, for wrongful death, including, but not limited to, damages set forth in NRS 41.85.

157.   On May 5, 2019, as a direct and proximate result of the foregoing acts/omissions by Defendant, NABOR BONILLA CALDERA, the Subject Aircraft was caused to and did experience an inflight loss of airspeed and shortly thereafter entered an aerodynamic stall, followed by a double engine failure and a rapid descent toward the ground, during which the pilots were unable to restart the engines, all of which further resulted in the Subject Aircraft violently crashing into the ground in the State of Coahuila, Mexico, causing all persons aboard to suffer fatal injuries, including Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS

OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them.

158.   Prior to their deaths, Plaintiff Decedents MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, were in good health and would have been capable of earning income. The Plaintiff Heirs, ANA MARÍA GONZÁLEZ-GÓMEZ, MANUEL SEPÚLVEDA-CRUZ, JUAN JOSÉ SALINAS ALMAGUER, LETICIA GUADALUPE TREVIÑO VILLAREAL, MARÍA FERNANDA INIESTRA-MEJÍA, BLANCA JANET MEJÍA-SÁNCHEZ, PEDRO, GABRIEL INIESTRA-GALLARDO, ALYANNA CAROLINA REYES-CISNEROS, SARA ALEJANDRA REYES-LUNA, VICTORIA REYES-CISNEROS, MARÍA DEL PILAR LARROSA-DELGADO, and each of them, and further next of kin of Plaintiff Decedents, MANUEL ALEJANDRO SEPÚLVEDA-GONZALEZ, LETICIA SALINAS-TREVIÑO, ADRIANA MONSERRAT MEJIA-SANCHEZ, LUIS OCTAVIO REYES-DOMINGUEZ, LOYDA LILIANA LUNA-LARROSA, JADE PAOLA REYES-LUNA, GUILLERMO OCTAVIO REYES-LUNA, and FRIDA ALEJANDRINA REYES-LUNA, and each of them, are entitled to the fair monetary value of the Plaintiff Decedents, including, but not limited to, compensation for the loss of the reasonably expected net income, loss of past and future earning capacity, loss of services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and

advice of the Plaintiff Decedents and to the reasonable medical, funeral, and burial expenses incurred.

159.   That, as a direct and proximate result of the foregoing acts/omissions of Defendant, NABOR BONILLA CALDERA, Plaintiffs and Plaintiff Decedents incurred general and special damages, including but not limited to burial and funeral expenses, in excess of fifteen thousand dollars ($15,000.00); general and compensatory damages, including, but not limited to, great pain of body and mind, disfigurement, mental anguish, shock and agony, pre-death terror, loss of enjoyment of life, in excess of fifteen thousand dollars ($15,000.00); pecuniary damages in excess of fifteen thousand dollars ($15,000.00).

160.   That as a direct and proximate result of the foregoing acts/omissions of Defendant, NABOR BONILLA CALDERA, Plaintiffs may recover penalty and punitive damages that would have recovered if Plaintiff Decedents have survived and that Plaintiffs have been required to engage in the services of an attorney, incurring attorneys' fees and costs to bring this action.

161.   WHEREFORE, Plaintiff, CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO,

deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LOYDA LILIANA LUNA-LARROSA, deceased; MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent, LOYDA LILIANA LUNA-LARROSA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of JADE PAOLA-REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, JADE PAOLA REYES-LUNA, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA,

deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent GUILLERMO OCTAVIO REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, GUILLERMO OCTAVIO REYES-LUNA, deceased; and CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; and each of them, and each of them, demand judgment against Defendant, NABOR BONILLA CALDERA, together with interest, costs, and fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, reserving their right to amend this Complaint at or prior to the time of trial to include all items of damages not yet ascertained, pray for judgment against Defendants, and each of them, as follows:

1. For Special Damages, including, but not limited to, Plaintiffs' pre-death damages and post-death damages, including funeral expenses, in an amount in excess of $15,000.00;

2. For general damages in an amount in excess of $15,000;

3. For Pecuniary Damages, including, but not limited to, Plaintiffs' grief, sorrow, loss of probable support, loss of companionship, loss of society, loss of comfort and consortium in an amount excess of $15,000.00;

4. For Penalty damages that might have been recovered if the Decedents had lived in an amount in excess of $15,000.00;

5. For compensatory damages in an amount in excess of $15,000.00;

6. For damages for conscious pain, suffering, pre-death terror, disfigurement, mental anguish, and loss of enjoyment of life of the Plaintiff Decedents in an amount in excess of $15,000;

7. For damages for Wrongful Death in an amount in excess of $15,000;

8. All other damages enumerated within NRS § 41.085 for each of the Plaintiff Decedents' Estates and their Heirs, in an amount in excess of $15,000.00;

9. For attorneys' fees and costs;

10. For prejudgment and post-judgment interest; and

11. For such other further relief as this Honorable Court deems just and proper.

DATED this 4th day of May, 2021.


BROWN MISHLER, PLLC


/s/ William H. Brown
One of the Attorneys for Plaintiffs

**WILLIAM H. BROWN**
Nevada Bar No. 7623
**BROWN MISHLER, PLLC**
911 N. Buffalo, Ste. 202
Las Vegas, NV 89128
wbrown@brownmishler.com
T: 702.816.2200
F: 702.385.2899

**THOMAS P. ROUTH**
*Pro Hac Vice Pending*
**DANIEL J. NOLAN**
*Pro Hac Vice Pending*
**NOLAN LAW GROUP**
20 N. Clark St., Ste. 3000
Chicago, IL 60602
djn@nolan-law.com
tpr@nolan-law.com
dan@nolan-law.com
T: 312.630.4000
F: 312.630. 4011

**WINDLE TURLEY**
*Pro Hac Vice Pending*
**LACEY TURLEY MOST**
*Pro Hac Vice Pending*
**TURLEY LAW FIRM**
6440 N. Central Expwy Ste. 1000
Dallas, TX 75206
win@wturley.com
laceym@wturley.com
T: 214.691.4025
F: 214.361.5802
*Attorneys for Plaintiffs*

EXHIBIT "B"

EXHIBIT "B"

Electronically Filed
5/4/2021 12:28 PM
Steven D. Grierson
CLERK OF THE COURT

1

**IAFD**
**DONALD J. NOLAN**
*Pro Hac Vice Pending*
**THOMAS P. ROUTH**
*Pro Hac Vice Pending*
**NOLAN LAW GROUP**
20 N. Clark St., Ste. 3000
Chicago, IL 60602
tpr@nolan-law.com
dan@nolan-law.com
T: 312.630.4000
F: 312.630. 4011

**WINDLE TURLEY**
*Pro Hac Vice Pending*
**LACEY TURLEY MOST**
*Pro Hac Vice Pending*
**TURLEY LAW FIRM**
6440 N. Central Expwy Ste. 1000
Dallas, TX 75206
win@wturley.com
laceym@wturley.com
T: 214.691.4025
F: 214.361.5802
*Counsel for Plaintiffs*

**WILLIAM H. BROWN**
Nevada Bar No. 7623
**BROWN MISHLER, PLLC**
911 N. Buffalo, Ste. 202
Las Vegas, NV 89128
wbrown@brownmishler.com
T: 702.816.2200
F: 702.385.2899
*Local Counsel for Plaintiffs*

CASE NO: A-21-833999-C
Department 29

DISTRICT COURT

CLARK COUNTY, NEVADA

CHRISTOPHER G. MEHNE, as
Personal Representative of the Estate
of MANUEL ALEJANDRO
SEPULVEDA-GONZALEZ. deceased;
ANA MARIA GONZÁLEZ-GÓMEZ.
as HEIR to the Decedent. MANUEL
ALEJANDRO SEPULVEDA-
GONZÁLEZ. deceased: MANUEL
SEPULVEDA-CRUZ. as HEIR to the
Decedent MANUEL ALEJANDRO
SEPULVEDA-GONZÁLEZ, deceased;

CASE NO. _____

DEPT. NO. _____

Initial Appearance Fee Disclosure--FINAL.doc/5/4/2021

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO. deceased: JUAN JOSÉ SALINAS ALMAGUER. as HEIR to the Decedent. MÓNICA LETICIA SALINAS-TREVIÑO. deceased: LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent. MÓNICA LETICIA SALINAS-TREVIÑO, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ. deceased: MARÍA FERNANDA INIESTRA-MEJÍA. as HEIR to the Decedent. ADRIANA MONSERRAT MEJÍA-SÁNCHEZ. deceased: BLANCA JANET MEJÍA-SÁNCHEZ. as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ. deceased: PEDRO GABRIEL INIESTRA-GALLARDO. as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ. deceased: ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent. LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased: SARA ALEJANDRA REYES-LUNA. as HEIR to the Decedent. LUIS OCTAVIO REYES-DOMÍNGUEZ. deceased: VICTORIA REYES-CISNEROS. as HEIR to the Decedent. LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of LOYDA LILIANA LUNA-LORROSA. deceased: MARÍA DEL PILAR LARROSA-DELGADO. as HEIR to the Decedent. LOYDA LILIANA LUNA-LARROSA, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of JADE PAOLA REYES-LUNA.

deceased: ALYANNA CAROLINA REYES-CISNEROS. as HEIR to the Decedent. JADE PAOLA REYES-LUNA. deceased: SARA ALEJANDRA REYES-LUNA. as HEIR to the Decedent. JADE PAOLA REYES-LUNA. deceased: VICTORIA REYES-CISNEROS. as HEIR to the Decedent. JADE PAOLA REYES-LUNA, deceased;

CHRISTOPHER G. MEHNE. as Personal Representative of the Estate of GUILLERMO OCTAVIO REYES-LUNA. deceased: ALYANNA CAROLINAREYES-CISNEROS. as HEIR to the Decedent. GUILLERMO OCTAVIO REYES-LUNA. deceased: SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent. GUILLERMO OCTAVIO REYES-LUNA. deceased: VICTORIA REYES-CISNEROS. as HEIR to the Decedent. GUILLERMO OCTAVIO REYES-LUNA, deceased; and

CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased; VICTORIA REYES-CISNEROS, as HEIR to the Decedent, FRIDA ALEJANDRINA REYES-LUNA, deceased,

Plaintiff(s),

-vs-

TVPX AIRCRAFT SOLUTIONS, INC.; COMPAÑÍA DE AVIACIÓN Y

LOGISTICA EMPRESARIAL S.A.
DE C.V.; TVPX 2017 MSN 5043
BUSINESS TRUST; ATLANTIC
AVIATION FBO, INC., and NABOR
BONILLA CALDERA,

               Defendant(s).

**INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

      Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

| **New Complaint Fee** | **1st Appearance Fee** |
|---|---|
| ☐ $1530 ☐ $520 ☐ $299 ☒ $270.00 | ☐ $1483.00 ☐ $473.00 ☐ $223.00 |

| | |
|---|---|
| Name: CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased | |
| ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased | ☒ $30 |
| MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased | ☒ $30 |
| CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased | ☒ $30 |
| JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased | ☒ $30 |

☒ Total of Continuation Sheet Attached   ☒ $810

TOTAL REMITTED: (Required)   Total Paid   $  1080

DATED this 4th day of May, 2021.

/s/ *William H. Brown*

_____

William H. Brown (7623)

**INITIAL APPEARANCE FEE CONTINUATION SHEET:**

List names of additional parties (plaintiff or defendant) and the appropriate fees below:

LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the                    $30

Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased

CHRISTOPHER G. MEHNE, as Personal Representative of the                 $30

Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased

MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent,                $30

ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased

BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent,                   $30

ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased

PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent,              $30

ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased

CHRISTOPHER G. MEHNE, as Personal Representative of the                 $30

Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased

ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent,             $30

LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased

SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent,                    $30

LUIS OCTAVIO REYES-DOMÍNGUEZ

VICTORIA REYES-CISNEROS, as HEIR to the Decedent,                      $30

LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased

CHRISTOPHER G. MEHNE, as Personal Representative of the                 $30

Estate of LOYDA LILIANA LUNA-LORROSA, deceased

MARÍA DEL PILAR LARROSA-DELGADO, as HEIR to the Decedent,             $30

LOYDA LILIANA LUNA-LARROSA, deceased

CHRISTOPHER G. MEHNE, as Personal Representative of the $30

Estate of JADE PAOLA REYES-LUNA, deceased

ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, $30

JADE PAOLA REYES-LUNA, deceased

SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, $30

JADE PAOLA REYES-LUNA, deceased

VICTORIA REYES-CISNEROS, as HEIR to the Decedent, $30

JADE PAOLA REYES-LUNA, deceased

CHRISTOPHER G. MEHNE, as Personal Representative of the $30

Estate of GUILLERMO OCTAVIO REYES-LUNA, deceased

ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, $30

GUILLERMO OCTAVIO REYES-LUNA, deceased

SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, $30

GUILLERMO OCTAVIO REYES-LUNA, deceased

VICTORIA REYES-CISNEROS, as HEIR to the Decedent, $30

GUILLERMO OCTAVIO REYES-LUNA, deceased

CHRISTOPHER G. MEHNE, as Personal Representative of the $30

Estate of FRIDA ALEJANDRINA REYES-LUNA, deceased

ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, $30

FRIDA ALEJANDRINA REYES-LUNA, deceased

SARA ALEJANDRA REYES-LUNA, as HEIR to the Decedent, $30

FRIDA ALEJANDRINA REYES-LUNA, deceased

VICTORIA REYES-CISNEROS, as HEIR to the Decedent,                                    $30

FRIDA ALEJANDRINA REYES-LUNA, deceased

     Total fees to be listed on first page of form (Line 23)                    <u>810.00</u>

EXHIBIT "C"

EXHIBIT "C"

# REGISTER OF ACTIONS
### CASE NO. A-21-833999-C

| | |
|---|---|
| Estate of Manuel Alejandro Sepulveda-Gonzalez, Plaintiff(s) vs. TVPX Aircraft Solutions Inc, Defendant(s) | § § § § § § |

|  | |
|---|---|
| Case Type: | **Negligence - Other Negligence** |
| Date Filed: | **05/04/2021** |
| Location: | **Department 29** |
| Cross-Reference Case Number: | **A833999** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | **Atlantic Aviation FBO Inc** | |
| Defendant | **Caldera, Nabor Bonilla** | |
| Defendant | **Compania De Aviacion y Logistica Empresarial de CV** | |
| Defendant | **TVPX 2017 MSN 5043 Business Trust** | |
| Defendant | **TVPX Aircraft Solutions Inc** | |
| Plaintiff | **Estate Jade Paola Reyes-Luna** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Estate of Adriana Monserrat Mejia-Sancez** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Estate of Frida Alejandrea Reyes-Luna** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Estate of Guillermo Octavio Reyes-Luna** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Estate of Loyda Liliana Luna-Lorrosa** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Estate of Luis Octavio Reyes-Dominguez** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Estate of Manuel Alejandro Sepulveda-Gonzalez** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Estate of Monica Leticia Salinas-Trevino** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Gonzalez -Gomez, Ana Maria** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |
| Plaintiff | **Iniestra-Gallardo, Pedro Gabriel** | **William H. Brown** <br> *Retained* <br> 702-816-2200(W) |

| | | |
|---|---|---|
| **Plaintiff** | **Iniestra-Mejia, Maria Fernanda** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |
| **Plaintiff** | **Larraso-Delgado, Maria Del Pilar** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |
| **Plaintiff** | **Mejia-Sanchez, Blanca Janed** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |
| **Plaintiff** | **Reyes--Cisneros, Alyanna Carolina** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |
| **Plaintiff** | **Reyes-Cisneros, Victoria** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |
| **Plaintiff** | **Reyes-Luna, Sara Alejandra** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |
| **Plaintiff** | **Salinas Almaguer, Juan Jose** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |
| **Plaintiff** | **Sepluveda-Cruz, Manuel** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |
| **Plaintiff** | **Trevino-Villareal, Lecticia Guadalupe** | **William H. Brown**<br>*Retained*<br>702-816-2200(W) |

---

**EVENTS & ORDERS OF THE COURT**

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/04/2021 | **Complaint With Jury Demand**<br>*Complaint Plaintiffs Demand Trial by Jury* |
| 05/04/2021 | **Initial Appearance Fee Disclosure**<br>*Initial Appearance Fee Disclosure* |
| 05/04/2021 | **Summons Electronically Issued - Service Pending**<br>*Summons* |
| 05/26/2021 | **Affidavit of Service**<br>*Affidavit of Service* |
| 05/26/2021 | **Affidavit of Service**<br>*Affidavit of Service (TVPX 2017 MSN 5043 Business Trust)* |
| 05/26/2021 | **Affidavit of Service**<br>*Affidavit of Service* |

---

**FINANCIAL INFORMATION**

**Plaintiff** Estate of Manuel Alejandro Sepulveda-Gonzalez

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | 1,350.00 |
| Total Payments and Credits | | | 1,350.00 |
| **Balance Due as of 06/03/2021** | | | **0.00** |
| 05/04/2021 | Transaction Assessment | | 1,350.00 |
| 05/04/2021 | Efile Payment | Receipt # 2021-27481-CCCLK | Estate of MANUEL ALEJANDRO SEP LVEDA-GONZ LEZ, deceased | (1,350.00) |

# EXHIBIT "D"

EXHIBIT "D"

**AOS**

Electronically Filed
5/26/2021 8:14 AM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT , CLARK COUNTY
# CLARK COUNTY, NEVADA

**MEHNE, ET AL.**

**Plaintiff**

**vs**

**TVPX AIRCRAFT SOLUTIONS, INC.**

**Defendant**

CASE NO:  **A-21-833999-C**

HEARING DATE/TIME:

DEPT NO:  **29**

## AFFIDAVIT OF SERVICE

   ARANZA AGUILAR being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 11th day of May, 2021 and served the same on the 13th day of May, 2021, at 14:35 by:

serving the servee ATLANTIC AVIATION FBO, INC. C/O REGISTERED AGENT CT CORPORATION SYSTEM by personally delivering and leaving a copy at (address) 701 S. CARSON ST., SUITE 200, CARSON CITY NV 89701 with DANIELLE NAKI, CLERK pursuant to NRS 14,020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this___**13**__day of___**May**___,____**2021**.

**ARANZA AGUILAR**
**R-095409**

Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068

EP169651

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

**AOS**

Electronically Filed
5/26/2021 8:14 AM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT , CLARK COUNTY
# CLARK COUNTY, NEVADA

**MEHNE, ET AL.**

**Plaintiff**

**vs**

**TVPX AIRCRAFT SOLUTIONS, INC.**

**Defendant**

CASE NO:  **A-21-833999-C**

HEARING DATE/TIME:

DEPT NO:  **29**

## AFFIDAVIT OF SERVICE

   OUT OF TOWN being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 11th day of May, 2021 and served the same on the 17th day of May, 2021, at 11:48 by:

serving the servee TVPX AIRCRAFT SOLUTIONS, INC. â„… REGISTERED AGENT BRETT KING by personally delivering and leaving a copy at (address) 39 E. EAGLE RIDGE DR., SUITE 201, NORTH SALT LAKE UTAH 84054 with BRETT KING, AUTHORIZED TO ACCEPT pursuant to NRS 14,020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

Pursuant to NRS 53.045

I declare under penalty of perjury under the law of the
State of Nevada that the foregoing is true and correct.

EXECUTED this___17__day of___May___,  ___2021_.



**NOT FINAL
AFFIDAVIT**
**OUT OF TOWN**

*Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068*

EP169649

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

**AOS**

Electronically Filed
5/26/2021 8:14 AM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT , CLARK COUNTY
## CLARK COUNTY, NEVADA

**MEHNE, ET AL.**

**Plaintiff**

**vs**

**TVPX AIRCRAFT SOLUTIONS, INC. ET AL.** **Defendant**

CASE NO: **A-21-833999-C**

HEARING DATE/TIME:

DEPT NO: **29**

## AFFIDAVIT OF SERVICE

OUT OF TOWN being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 11th day of May, 2021 and served the same on the 17th day of May, 2021, at 11:48 by:

serving the servee TVPX 2017 MSN 5043 BUSINESS C/O REGISTERED AGENT TVPX AIRCRAFT SOLUTIONS, INC. by personally delivering and leaving a copy at (address) 39 E. EAGLE RIDGE DR., SUITE 201, NORTH SALT LAKE UTAH 84054 with BRETT KING, AUTHORIZED TO ACCEPT pursuant to NRS 14,020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this___17__day of___May___,    2021.



**NOT FINAL AFFIDAVIT**

**OUT OF TOWN**

*Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068*

EP169650

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

EXHIBIT "E"

EXHIBIT "E"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HYMANSON & HYMANSON**
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

**NRE**
PHILIP M. HYMANSON, ESQ.
Nevada State Bar No. 2253
HENRY JOSEPH HYMANSON, ESQ.
Nevada State Bar No. 14381
HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
(702) 629-3300 Telephone
(702) 629-3332 Facsimile
Phil@HymansonLawNV.com
Hank@HymansonLawNV.com

*Attorneys for Defendants TVPX Aircraft Solutions, Inc.*
*and TVPX 2017 MSN 5043 Business Trust*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; ANA MARÍA GONZÁLEZ-GÓMEZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; MANUEL SEPÚLVEDA-CRUZ, as HEIR to the Decedent, MANUEL ALEJANDRO SEPÚLVEDA-GONZÁLEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of MÓNICA LETICIA SALINAS-TREVIÑO, deceased; JUAN JOSÉ SALINAS ALMAGUER, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; LETICIA GUADALUPE TREVIÑO VILLAREAL, as HEIR to the Decedent, MÓNICA LETICIA SALINAS-TREVIÑO, deceased; CHRISTOPHER G. MEHNE, as Personal Representative to the Estate of ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; MARÍA FERNANDA INIESTRA-MEJÍA, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; BLANCA JANET MEJÍA-SÁNCHEZ, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; PEDRO GABRIEL INIESTRA-GALLARDO, as HEIR to the Decedent, ADRIANA MONSERRAT MEJÍA-SÁNCHEZ, deceased; CHRISTOPHER G. MEHNE, as Personal Representative of the Estate of LUIS OCTAVIO REYES-DOMÍNGUEZ, deceased; ALYANNA CAROLINA REYES-CISNEROS, as HEIR to the Decedent, LUIS | CASE NO.:   A-21-833999-C<br><br>DEPT. NO.:   29<br><br>**NOTICE OF REMOVAL** |

1

OCTAVIO REYES-DOMÍNGUEZ, deceased;
SARA ALEJANDRA REYES-LUNA, as HEIR to
the Decedent, LUIS OCTAVIO REYES-
DOMÍNGUEZ, deceased; VICTORIA REYES-
CISNEROS, as HEIR to the Decedent, LUIS
OCTAVIO REYES-DOMÍNGUEZ, deceased;
CHRISTOPHER G. MEHNE, as Personal
Representative of the Estate of LOYDA LILIANA
LUNA-LARROSA, deceased; MARÍA DEL
PILAR LARROSA-DELGADO, as HEIR to the
Decedent, LOYDA LILIANA LUNA-LARROSA,
deceased; CHRISTOPHER G. MEHNE, as
Personal Representative of the Estate of JADE
PAOLA-REYES-LUNA, deceased; ALYANNA
CAROLINA REYES-CISNEROS, as HEIR to the
Decedent, JADE PAOLA REYES-LUNA,
deceased; SARA ALEJANDRA REYES-LUNA, as
HEIR to the Decedent, JADE PAOLA REYES-
LUNA, deceased; VICTORIA REYES-
CISNEROS, as HEIR to the Decedent, JADE
PAOLA REYES-LUNA, deceased;
CHRISTOPHER G. MEHNE, as Personal
Representative of the Estate of GUILLERMO
OCTAVIO REYES-LUNA, deceased; ALYANNA
CAROLINA REYES-CISNEROS, as HEIR to the
Decedent GUILLERMO OCTAVIO REYES-
LUNA, deceased; SARA ALEJANDRA REYES-
LUNA, as HEIR to the Decedent, GUILLERMO
OCTAVIO REYES-LUNA, deceased; VICTORIA
REYES-CISNEROS, as HEIR to the Decedent,
GUILLERMO OCTAVIO REYES-LUNA,
deceased; and CHRISTOPHER G. MEHNE, as
Personal Representative of the Estate of FRIDA
ALEJANDRINA REYES-LUNA, deceased;
ALYANNA CAROLINA REYES-CISNEROS, as
HEIR to the Decedent, FRIDA ALEJANDRINA
REYES-LUNA, deceased; SARA ALEJANDRA
REYES-LUNA, as HEIR to the Decedent, FRIDA
ALEJANDRINA REYES-LUNA, deceased;
VICTORIA REYES-CISNEROS, as HEIR to the
Decedent, FRIDA ALEJANDRINA REYES-
LUNA;

     Plaintiffs,

v.

TVPX AIRCRAFT SOLUTIONS, INC.;
COMPAÑÍA DE AVIACIÓN Y LOGISTICA
EMPRESARIAL S.A. DE C.V.; TVPX 2017 MSN
5043 BUSINESS TRUST; ATLANTIC
AVIATION FBO, INC., and NABOR BONILLA
CALDERA,

     Defendants.

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629-3300

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629-3300

**TO:**      **Clerk of the Court for the Eighth Judicial District Court**
**AND TO:**    **PLAINTIFFS and their attorneys, William H. Brown, Esq., Donald J. Nolan, Esq., Thomas P. Routh, Esq., Windle Turley, Esq., and Lacey Turley Most, Esq.**

Please take notice that Defendants TVPX AIRCRAFT SOLUTIONS, INC., TVPX 2017 MSN 5043 BUSINESS TRUST, and ATLANTIC AVIATION FBO, INC. (collectively "Defendants") have removed this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. A copy of the Notice of Removal filed in the United States District Court for the District of Nevada is attached.

DATED this 4th day of June, 2021.

HYMANSON & HYMANSON

BY: _/s/_    _Philip M. Hymanson_
    PHILIP M. HYMANSON, ESQ.
    Nevada State Bar No. 2253
    HENRY JOSEPH HYMANSON, ESQ.
    Nevada State Bar No. 14381
    HYMANSON & HYMANSON
    8816 Spanish Ridge Avenue
    Las Vegas, NV 89148
    (702) 629-3300 Telephone
    (702) 629-3332 Facsimile
    Phil@HymansonLawNV.com
    Hank@HymansonLawNV.com

    *Attorneys for Defendants TVPX Aircraft Solutions, Inc. and TVPX 2017 MSN 5043 Business Trust*

3

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of HYMANSON & HYMANSON, and pursuant to NRCP 5(b), EDCR 8.05, Administrative Order 14-2, and NEFCR 9, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be served via the Court's Electronic Filing System on the 4th day of June, 2021 upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court e-Filing System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules.

*/s/ Karen Wiehl*
An Employee of HYMANSON & HYMANSON

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629-3300

4