UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER G. MEHNE, *et al.*,    )
                                      )
                  Plaintiffs,    )    Case No.: 2:21-cv-01063-GMN-VCF
   vs.    )
                                      )    **ORDER**
TVPX AIRCRAFT SOLUTIONS, INC., *et al.*,    )
                                      )
                  Defendants.   )
                                      )

Pending before the Court is the Motion to Remand of Plaintiffs Christopher G. Mehne, *et al.* (collectively, "Plaintiffs"), (ECF No. 32). Defendants TVPX Aircraft Solutions, Inc., *et al.* (collectively, "Defendants") filed a Response, (ECF No. 39), to which Plaintiffs filed a Reply, (ECF No. 51).

For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Remand.

**I.    BACKGROUND**

This case is a consolidated action initiated by private citizens under state tort law. Christopher G. Mehne, *et al.*, filed the first case on May 4, 2021, in Nevada state court, alleging claims of negligence, gross negligence, and wrongful death against each Defendant. (*See* Compl. ¶¶ 32–161, Ex. A to Pet. Removal, ECF No. 1). Similarly, Kashif Shankle, *et al.*,[1] filed the second case on May 4, 2021, in Nevada state court, alleging claims of negligence, gross negligence, and wrongful death against the same Defendants in the first Complaint. (*Compare*

---

[1] Kashif Shankle is the Special Administrator of the Estate of Luis Ovidio Gonzalez Flores, who passed away in the event described below. (*See generally* Compl., Ex. 1 to Pet. Removal, ECF No. 1 in Case No. 2:21-cv-01065-GMN-VCF).

1  Compl. ¶¶ 32–161, Ex. A to Pet. Removal), (*with* Compl. ¶¶ 34–163, Ex. 1 to Pet. Removal, ECF No. 1 in Case No. 2:21-cv-01065-GMN-VCF, ECF No. 1).

Both cases stem from a May 5, 2019, flight from Las Vegas, Nevada to Monterrey, Mexico, where a private jet carrying thirteen people crashed, causing all passengers to perish. (Compl. ¶ 1, Ex. A to Pet. Removal). On June 4, 2021, Defendants removed this action to federal court based on diversity jurisdiction.[2] (Pet. Removal ¶ 10, ECF No. 1). Defendants allege that they are completely diverse from Plaintiffs, and that the amount in controversy exceeds $75,000.00. (*Id*. ¶¶ 7, 10–17). Plaintiff then filed the instant Motion. (*See generally* Mot. Remand).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

---

[2] The Court will consider all newly consolidated parties for purposes of the instant Motion.

## III. DISCUSSION

Plaintiffs argue remand is proper because of a lack of complete diversity between themselves and Defendants and because Defendants TVPX Aircraft Solutions, Inc. and TVPX 2017 MSN 5043 Business Trust did not properly join the suit or obtain consent of Defendant Atlantic Aviation FBO, Inc. ("Atlantic") to remove the case.[3] (*See* Mot. Remand 6:3–7). Plaintiffs request attorney's fees and costs if the Court grants the instant Motion. (*Id.* 13:12–14:15). The Court first discusses remand and then the issue of attorney's fees.

### a. Motion to Remand

The parties dispute subject matter jurisdiction under the theory of diversity of citizenship. Plaintiffs argue there is no diversity jurisdiction under 28 U.S.C. §§ 1332(a)(2) nor 1332(a)(3). (*See* Mot. Remand 9:24–12:22). They also assert the Court must consider all parties when determining diversity of citizenship, not merely the parties that the Plaintiff has served.[4] (*See id.* 11:8–12:22).

Defendants accuse Plaintiffs of fraudulently joining Defendants CALE and Caldera for the purpose of defeating diversity of citizenship. (*See* Resp. 3:15–6:5, 14:22–27, ECF No. 39). Defendants also contend the Court does not have personal jurisdiction over Defendants CALE and Caldera.[5] (*Id.* 7:15–19). In addition, Defendants assert the Court should stay the case

---

[3] This is incorrect. Defendants received Atlantic's consent to remove this case to federal court. (*See* Atlantic Email Dated June 2, 2021, at 1, Ex. F to Resp., ECF No. 39-8). Thus, the Court will not base its ruling on the instant Motion on this ground.

[4] Although Defendants argue that the Court should disregard Defendants CALE nor Caldera when determining diversity of citizenship because Plaintiffs have not properly served them, (Resp. 7:1–7), the Ninth Circuit directs otherwise. The Court must consider all parties when determining whether diversity of citizenship exists. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (explaining that diversity of citizenship is determined solely based on citizenship of the parties named in the complaint "regardless of service or nonservice upon the codefendant").

[5] Based on the evidence provided, the Court may have personal jurisdiction over Defendants CALE and Caldera. However, because Defendants CALE and Caldera have not been served, the Court does not have enough information to determine whether personal jurisdiction exists as to these two Defendants. As such, deciding personal jurisdiction is premature, and the Court will not address it at this juncture. *See Morris-Calderon v. Randi*, No. LACV1604270JAKRAOX, 2017 WL 8186739, at *9 (C.D. Cal. Feb. 14, 2017) (reserving the issue of personal jurisdiction because the Court did not have sufficient information to rule on that inquiry).

pending the service of Defendants CALE and Caldera.[6] (*Id.* 12:3–14:9).  Further, Defendants argue the Court should use its discretion under Rule 21 and dismiss or sever Defendants CALE and Caldera from this case. (*Id.* 14:10–18:4).  Lastly, Defendants claim that Mexican law applies to this action because Mexico bears the most significant relation to this case; as such, the case is barred by Mexican law.[7] (*Id.* 18:18–20:2).

### i. Fraudulent Joinder

Defendants assert Plaintiff fraudulently joined them for the purpose of defeating diversity jurisdiction and impeding Defendants from removing this case within the one-year statutory time limit. (*See* Resp. 15:1–9, 16:12–18:17).  They then argue the Court should dismiss Defendants CALE and Caldera because the Court does not have personal jurisdiction over them and because Plaintiffs cannot establish a cause of action against Defendants CALE. (*Id.* 15:11–16:3, 17:20–22).

The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted).  "Rather than focusing on the 'mental state' of the plaintiff, the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant." *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999).  Further, the Court "must consider the merits of a matter without assuming jurisdiction over it." *See id.*; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d

---

[6] As explained in detail below, diversity jurisdiction does not exist.  Therefore, the Court will not stay these proceedings because it must remand the case to state court. *See* 28 U.S.C. § 1447(c); *Gaus*, 980 F.2d at 566.
[7] The Court will not address choice-of-law before it has been fully briefed by the parties.  Because this issue is prematurely before the Court, it will not speculate whether Mexican law would bar Plaintiffs' claims. *See Bonnell v. Cabo Azul Resort*, No. 208-cv-00910-PMP-LRL, 2010 WL 3433047, at *4 (D. Nev. Aug. 27, 2010) (declining to rule on a choice-of-law issue because the Court required more information to determine the issue).

545, 554 (5th Cir. 1981) (stating the Court must not "lose sight of the important questions of federal jurisdiction" implicated in fraudulent joinder cases).

In fraudulent joinder determinations, "[d]efendants alleging a fraudulent joinder are permitted to make a showing of facts indicating fraudulent joinder." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 996 (D. Nev. 2005) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence").  However, though courts may look to a showing of facts in conducting a fraudulent joinder analysis, the burden on the defendant to prove fraudulent joinder is higher than the burden required for Rule 56 summary judgment or even Rule 12(b)(6) dismissal. *See Morris*, 236 F.3d at 1067 ("Joinder of a non-diverse defendant is deemed fraudulent . . . if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."); Davis, 66 F. Supp. 2d at 1115 ("[S]ome room must exist between the standard for dismissal under Rule 12(b)(6) . . . and a finding of fraudulent joinder.  A court's Rule 12(b)(6) inquiry is whether the complaint states a cognizable legal theory.  To constitute fraudulent joinder, the non-diverse claim must not only be unsuccessful, it must be untenable ab initio.") (citations omitted).

Some district courts in the Ninth Circuit have compared the standard for fraudulent joinder to the one under Rule 11, where joinder would not be fraudulent unless the claim is shown to be frivolous. *See, e.g.*, *Davis*, 66 F.Supp.2d at 1114.  Still others have articulated a standard of mere possibility that the plaintiff will be able to establish a cause of action against the party in question. *See, e.g.*, *Soo v. United Parcel Servs., Inc.*, 73 F.Supp.2d 1126, 1128 (N.D. Cal. 1999) (A defendant will be deemed to be fraudulently joined only if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the

plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (citation omitted).  Accordingly, regardless of the exact standard, the party seeking removal bears "a very heavy burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1044.

Here, Defendants claims Defendants CALE and Caldera were fraudulently joined because they are citizens of a foreign state, which requires lengthier service of process; Defendants claim Plaintiffs orchestrated this plot to defeat diversity of citizenship.  (*See* Resp. 15:1–9, 16:12–18:17).  To prevail on these arguments, Defendants must show that Plaintiffs could not state a colorable claim against Defendants CALE and Caldera under the substantive law.  Plaintiffs have alleged claims of negligence, gross negligence, and wrongful death against Defendants CALE and Caldera. (*See* Compl. ¶¶ 58–83, 136–161, Ex. A to Pet. Removal).  These claims are all valid under Nevada law.  Plaintiffs' claims have merit despite there being a longer process to serve foreign parties.  *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. 2005) (holding that "to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant"). Defendants have not shown that Plaintiffs are unable to establish a cause of action against Defendants CALE or Caldera.  Without analyzing Plaintiffs' claims under the scope of Rule 12(b)(6), Plaintiffs state a colorable claim that Defendant CALE, as operator of the jet plane, and Defendant Caldera, as director and/or officer of Defendant CALE, are liable for negligence. (*See* Compl. ¶¶ 58–65, 136–143, Ex. A to Pet. Removal).  Therefore, Defendants failed to meet their burden of showing Defendants CALE and Caldera were fraudulently joined.

1. <u>Dismissal or Severance under Fed. R. Civ. P. 21</u>

Defendants contend the Court should dismiss or sever Defendants CALE and Caldera from this case because "they are not proper parties, they are not before this court, and have been fraudulently joined" to avoid removal. (Resp. 14:2–27).  Plaintiffs contend Defendants

have not met their burden of showing dismissal under Rule 21 is proper. (Reply 8:1–15, ECF No. 51).

Under Rule 21, "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21. Indeed, Rule 20(b) provides that even when parties have been properly joined, a court may order severance "to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (severing ten employees' age discrimination claims because of potential prejudice to employer and the risk of jury confusion). When a claim is severed from a lawsuit, it proceeds as a separate, independent action with a separate docket number and separate case schedule. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n.19 (5th Cir. 1993).

> [A] court considering a severance motion should weigh the following factors in making its determination: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003); *see also Safe Streets All. v. Alternative Holistic Healing, LLC*, No. 1:15-cv-0349-REB-CBS, 2015 WL 4245823, at *2 (D. Colo. July 14, 2015). Additionally, it is well established that courts possess significant discretion in determining whether claims should be severed pursuant to Rule 21. *See, e.g.*, *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003); *New York. v. Hendrickson Bros.*, 840 F.2d 1065, 1082 (2d Cir. 1988).

Here, Plaintiffs' claims against Defendants CALE and Caldera arise out of the jet plane crash, the same as its claims against the other Defendants. (*See* Compl. ¶¶ 32–161, Ex. A to Pet. Removal). Similarly, Plaintiffs' claims present the same common questions of fact and

law, namely the events and conduct surrounding the jet plane crash. (*See id.*, Ex. A to Pet. Removal).  Third, Defendants have not demonstrated that severance would facilitate settlement or judicial economy.  They argue for severance to attempt to stay in federal court, which, as discussed below, cannot occur.  Fourth, Defendants contend they would suffer prejudice if the Court does not sever Defendants CALE and Caldera because waiting for these Defendants to be served runs the risk that the one-year statutory limit to remove an action to federal court will expire. (Resp. 21:15–18).  However, as discussed in more detail below, this issue is moot by the lack of diversity jurisdiction amongst the parties because there are no United States citizens on Plaintiffs' side of the litigation.  Thus, even if the Court severed Defendants CALE and Caldera from the case, diversity of citizenship would still not be met.  Finally, the parties did not discuss the fifth factor.  Therefore, Defendants have not met their burden of demonstrating that the Court should grant severance.  Accordingly, the Court denies Defendant's request to sever Defendants CALE and Caldera and will now turn to diversity jurisdiction.

### ii. Diversity of Citizenship

Plaintiffs maintain diversity of citizenship is not met because there are people from foreign countries on opposing sides of the case, which does not comport with 28 U.S.C. § 1332(a)(2). (Mot. Remand 9:24–10:12).  Defendants respond that § 1332(a)(2) confers jurisdiction between "citizens of a state and citizens or subjects of a foreign state." (Resp. 6:21–27).  Next, Plaintiffs contend there is no diversity of citizenship because § 1332(a)(3) requires plaintiffs and defendants to be United States citizens, and Plaintiffs are not United States citizens.  (*See* Mot. Remand 10:15–26).

"Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983).  However, that foreign parties appear on both sides of an action does not defeat diversity jurisdiction if residents of the United States are on both sides. *See Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298

(9th Cir. 1985). Further, "[u]nder the plain language of § 1332(a)(3), for jurisdiction to exist there must be both United States citizen plaintiffs and United States citizen defendants." *Jungil Lee v. ANC Car Rental Corp.*, 220 F. App'x 493, 495 (9th Cir. 2007) (citing *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir.1985)). When a United States citizen is "on only one side of the litigation, § 1332(a)(3) does not apply." *Id.*

Here, Plaintiffs are citizens of Mexico. (Compl. ¶¶ 8–9, Ex. A to Pet. Removal); (*see also* Compl. ¶¶ 7–8, Ex. 1 to Pet. Removal, ECF No. 1 in Case No. 2:21-cv-01065-GMN-VCF). Defendants TVPX Aircraft Solutions, Inc. and TVPX 2017 MSN 5043 Business Trust are citizens of Utah, (Compl. ¶¶ 2, 4, Ex. A to Pet. Removal), Defendant Atlantic is a citizen of Delaware and Texas, (Compl. ¶ 6, Ex. A to Pet. Removal), and Defendants CALE and Caldera are citizens of Mexico, (Compl. ¶¶ 3, 7, Ex. A to Pet. Removal). Although three Defendants are citizens of states in the United States, the same is untrue of Plaintiffs. None of the Plaintiffs are residents of the United States; thus, there is no diversity of citizenship under §§ 1332(a)(2) nor 1332(a)(3). *See Transure, Inc.*, 766 F.2d at 1298; *Jungil Lee*, 220 F. App'x 493, 495. Accordingly, the Court does not have subject matter jurisdiction over this action and grants remand.

### b. Request for Attorneys' Fees

Plaintiffs request the Court to award them with their attorney's fees and costs for drafting the instant Motion to Remand. (Mot. Remand 13:12–14:25). They argue Defendants had no reasonable basis to seek removal because Defendants knew there is no diversity of citizenship amongst the parties on opposing sides. (*See id.* 13:28–14:15). Defendants disagree, arguing that Plaintiffs are forcing Defendants to defend themselves in duplicative litigation because Plaintiffs have filed actions with exceedingly similar claims in different jurisdictions. (Resp. 23:13–23).

Costs and attorney's fees may be awarded against Defendant if its decision to remove was objectively unreasonable. "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC*, 889 F.3d at 552 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); 28 U.S.C. § 1447(c). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, Defendants' arguments regarding removal were ineffective, but not objectively unreasonable as to warrant attorney's fees and costs. *See Lussier*, 518 F.3d at 1065 (noting that while "[t]here is no question that [the defendant's] arguments were losers[,] . . . removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"); *see also Morales v. Gruma Corp.*, 2013 WL 6018040, *6 (C.D. Cal. Nov. 12, 2013) (declining to award attorneys' fees). The Court accordingly denies Plaintiffs' request for attorney's fees.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 32), is **GRANTED**.

DATED this **21** day of March, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court